UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| FALON EVANS, | ) | | |
| | ) | | |
| Petitioner, | ) | Case Nos. | 1:09-CR-98-HSM-CCS |
| | ) | | 1:13-CV-82-HSM |
| v. | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM AND ORDER**

In May 2009, the federal grand jury charged the Petitioner, Falon Evans ("Evans"), with one count of conspiring to manufacture, distribute, and possess with intent to distribute fifty grams of cocaine base and five kilograms of cocaine hydrochloride and two counts of knowingly, intentionally, and without authority distributing cocaine base. Evans pled not guilty and proceeded to trial, where a jury found her guilty on all counts. The district court sentenced Evans to 151 months of imprisonment. The Petitioner appealed to the United States Court of Appeals for the Sixth Circuit, which affirmed her convictions. [Doc. 658].

Thereafter, the Petitioner filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255 [Doc. 690], in which she sets forth two grounds for relief, both of which allege that counsel was ineffective. The first ground alleges ineffectiveness based on counsel's alleged failure to file a motion of acquittal based on the Government's failure to produce sufficient evidence to prove the existence of a conspiracy. [*Id*.] The second alleges ineffectiveness based on counsel's alleged failure to move to dismiss the conspiracy count based on the applicable five-year statute of limitations. [*Id*.] The Government was ordered to file a Response [Doc. 714] and has done so [Doc. 717]. In her reply, Petitioner contends that she was not guilty of the conspiracy charge and

also argues that trial counsel was ineffective in advising her and in his general trial strategy – specifically, that he did not explain "the full magnitude of the charges" or that not agreeing to a plea "would be more detrimental than beneficial," that he should have submitted "motions indicative of a non-conspiracy," and that he should have presented co-conspirator testimony or affidavits in her defense. [Doc. 719]. This matter is now ripe for the Court's review.

I.     INEFFECTIVE ASSISTANCE OF COUNSEL

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Relief under § 2255 is limited, however, to errors involving (1) lack of jurisdiction; (2) constitutional violations; and (3) non-constitutional errors that constitute a fundamental defect resulting in a complete miscarriage of justice. *See Hill v. United States*, 368 U.S. 424, 428 (1962); *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Reed v. Farley*, 512 U.S. 339, 348-49 (1994).

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255.  The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255.  *See, e.g.*, *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). To establish a claim for ineffective assistance of counsel, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the proceedings unfair and the result unreliable.  *Strickland,* 466 U.S. at 687.  In assessing counsel's performance, a court must presume that counsel's questioned actions might have been

2

Case 1:09-cr-00098-HSM-CCS   Document 769   Filed 03/24/16   Page 2 of 8   PageID #: 2728

sound strategic decisions and must evaluate the alleged errors or omissions from counsel's perspective at the time the conduct occurred and under the circumstances of the particular case. *Id.* at 689. Only when the challenged actions are "outside the range of professionally competent assistance" will counsel's performance be considered constitutionally deficient. *Id*. at 690.

### A. Motion for Acquittal

The first issue raised by Petitioner is that counsel was ineffective for failing to file a motion of acquittal based on the Government's alleged failure to introduce sufficient evidence to prove the existence of the conspiracy. [Doc. 690 at 3-5]. The Government responds that this claim for relief is meritless, as the record demonstrates that counsel did in fact move for a judgment of acquittal at the close of the Government's case. [Doc. 717 at 5-6].

The record supports the Government's position, demonstrating that counsel moved for a judgment of acquittal at the close of the Government's case in chief. [Doc. 613 at 436-41]. Although the motion was ultimately unsuccessful, counsel cannot de deemed to have been deficient, as he did what Petitioner now claims that he should have done. Because Petitioner's contention is flatly contradicted by the record, the Court cannot find that counsel was ineffective, and this ground for relief can be denied on that basis alone. *See, e.g.*, *Amr v. United States*, 280 F. App'x 480, 485-86 (6th Cir. 2008) (affirming district court's denial of § 2255 claim of ineffective assistance of counsel that was refuted by the record); *see Coleman v. Mitchell*, 244 F.3d 533, 545-46 (6th Cir. 2001) (noting that an attorney "is not deficient simply for following his client's instructions.").

### B. Motion for Dismissal Based on Statute Of Limitations

Petitioner next argues that counsel was ineffective for failing to file a motion to dismiss the conspiracy charge based on the statute of limitations. [Doc. 690 at 5-6]. Petitioner's

3

argument in this regard is difficult to follow. Petitioner argues that 18 U.S.C. § 3282 requires that the existence of the conspiracy must be shown to have occurred within five years prior to the return of an indictment, and that the Government must allege and prove, the commission of at least one overt act in furtherance of the conspiracy by one of the conspirators within that time. [*Id*.]. Petitioner appears to challenge the admissibility of the trial evidence that established that overt acts occurred within the relevant time frame. [*Id*.].

The Government concedes that Petitioner's drug conspiracy offense was governed by the five-year statute limitations set forth in 18 U.S.C. § 3282. However, it argues that the undisputed evidence at trial showed that Petitioner sold cocaine as late as February 2007, an act in furtherance of the conspiracy that occurred well-within five years of the May 27, 2009 indictment [Doc. 717 at 4-5; s*ee* Doc. 613 at 29-30, 371-80]. The Government also argues that Petitioner admitted to law enforcement officers that she had been involved in the conspiracy and that she had sold crack cocaine on and off from 2003 through at least 2007 [Doc. 717 at 4-5; *see* Doc. 612 at 33, 78-79]. The Government argues that this evidence renders any objection to the conspiracy count meritless, and that counsel cannot be deemed constitutionally ineffective for not pursuing a meritless claim. [Doc. 717 at 5].

The Court concludes that there was ample evidence to support both the charge and the conviction for Petitioner's involvement in the conspiracy. In her Motion, Petitioner concedes that the Government had evidence that (1) she participated in the conspiracy by selling cocaine, helping cook crack cocaine, and transporting money; (2) in 2007, a confidential informant purchased small amounts of crack cocaine from her on two occasions; (3) a search of Petitioner's residence in February 2007 revealed money from the controlled purchases, as well as various drug paraphernalia; and (4) Petitioner gave a statement to police admitting that she was involved

4

in the conspiracy, and stating that she had been selling crack cocaine "on and off" since 2003. [Doc. 690 at 3-4]. These acts occurred within five years of the date that the indictment was returned against Petitioner on May 27, 2009; accordingly, Petitioner has not demonstrated that the five-year statute of limitations applicable to this charge had run at the time she was indicted. Thus, she cannot demonstrate any deficient performance by counsel or prejudice based on counsel's failure to file a motion to dismiss based on this meritless argument.

### C. Other Claims of Ineffective Assistance

Petitioner also argues in her reply brief that trial counsel was ineffective in advising her and in his general trial strategy – specifically, that he did not explain "the full magnitude of the charges" or that not agreeing to a plea "would be more detrimental than beneficial," that he should have submitted "motions indicative of a non-conspiracy," and that he should have presented co-conspirator testimony or affidavits in her defense. Petitioner has failed to meet her burden of demonstrating that any of these alleged actions – individually or cumulatively – constitute ineffective assistance of counsel. Petitioner has not presented any evidence to overcome the presumption that counsel's decisions regarding trial strategy – including decisions regarding the filing of pre-trial motions and which defense to pursue at trial – were not sound tactical decisions. *See Strickland*, 466 U.S. at 689; *Hanna v. Ishee*, 694 F.3d 596, 612 (6th Cir. 2012) ("The burden rests on the [petitioner] to overcome the presumption that the challenged conduct might be considered sound trial strategy."). Additionally, Petitioner has not presented any evidence or argument of prejudice regarding these alleged errors; she has not alleged that she would have entered a plea agreement if counsel had explained "the full magnitude of the charges." Instead, she states that she wanted to plead guilty only to possession of marijuana, but indicates that no such plea offer was ever made. She has also failed to demonstrate that not

5

entering into a plea agreement was in fact detrimental to her. She further fails to show any prejudice as a result of counsel's failure to present additional motions or witnesses, as she has not identified any arguably meritorious basis for such motions or any exculpatory testimony or evidence that counsel could have presented. Accordingly, the Court finds no basis upon which to find that counsel was ineffective with respect to his advice to Petitioner or with respect to his strategic decisions throughout the course of his representation of Petitioner.

## II. PROCEDURALLY DEFAULTED CLAIMS

For the first time in her reply brief, Petitioner argues her alleged lack of involvement in the conspiracy and challenges certain evidence presented at trial. [Doc. 719]. She also claims that her alleged statement that she had been selling crack cocaine off and on since 2003 was not factual, and that she actually said "I have been working off and on since 2003" at a legitimate job. However, she does not cite to any evidence to support these new allegations. [*Id*.].

To the extent that Petitioner seeks to challenge the sufficiency or admissibility of the evidence presented at trial, such a claim may not be raised in the instant petition. Petitioner pursued a direct appeal to the Sixth Circuit, but did not assert any claims for insufficiency of the evidence or admissibility of any specific evidence presented at trial. [Doc. 658]. "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976) (quotation marks and citations omitted); *see Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (noting that a § 2255 motion is not a substitute for direct appeal nor an avenue for obtaining an additional direct appeal). Accordingly, any of Petitioner's evidentiary claims are subject to procedural default and generally are not reviewable in this collateral proceeding.

6

However, a petitioner may be able to obtain review of a procedurally defaulted claim by demonstrating "actual innocence." *Bousley v. United States*, 523 U.S. 614, 623 (1998). A petitioner can substantiate a claim of actual innocence by showing that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Phillips v. United States*, 734 F.3d 573, 582 (6th Cir. 2013) (quoting *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 316 (1995)); *see also McQuiggins v. Perkins*, 133 S.Ct. 1924, 1936 (2013) (reaffirming that the actual innocence gateway to review of a procedurally defaulted claim "should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'") (quoting *Schlup*, 513 U.S. at 316).

It appears that Petitioner may be attempting to assert an actual innocence claim in her reply, stating that she was never involved in the conspiracy and did not actually state in 2007 that she had sold crack cocaine off and on since 2003. However, her conclusory statements regarding her innocence of involvement in the conspiracy fall well short of the standards required for actual innocence claims. Petitioner presents no evidence – let alone new reliable evidence – to support her claims of innocence. And, as noted above, Petitioner concedes that the Government presented evidence at trial demonstrating that (1) she participated in the conspiracy by selling cocaine, helping cook crack cocaine, and transporting money; (2) in 2007, a confidential

7

informant purchased small amounts of crack cocaine from her on two occasions; (3) a search of Petitioner's residence in February 2007 revealed money from the controlled purchases, as well as various drug paraphernalia; and (4) Petitioner gave a statement to police admitting that she was involved in the conspiracy, and stating that she had been selling crack cocaine "on and off" since 2003. The Court believes that, even if Petitioner had presented her own testimony at trial stating that she was not involved in the conspiracy and that her statement to the authorities in 2007 regarding her history of drug sales was not accurate, it is more likely than not that she still would have been convicted in light of all of the evidence. Simply put, Petitioner's newly alleged claims of innocence do not undermine the Court's confidence in the verdict. Accordingly, the Court finds no basis upon which to review any procedurally defaulted claims contained in Petitioner's instant § 2255 Motion.

### III. CONCLUSION

For the reasons stated herein, Petitioner's motion brought pursuant to 28 U.S.C. § 2255 [Doc 690] will be **DENIED** and **DISMISSED WITH PREJUDICE** on the ground that it is time-barred by the statute of limitations in 28 U.S.C. § 2255(f). A hearing is not necessary. A separate Judgment will enter.

**IT IS SO ORDERED**.

ENTER:

  */s/ Harry S. Mattice, Jr.*
  HARRY S. MATTICE, JR.
  UNITED STATES DISTRICT JUDGE